IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 3, 2021

## STATE OF TENNESSEE v. SHERMAN LEE HARRIS

**Appeal from the Circuit Court for Fayette County
Nos. 6505, 13CR50 J. Weber McCraw, Judge**

_____

### No. W2021-00229-CCA-R3-CD[1]

_____

Defendant, Sherman Lee Harris, pleaded guilty to delivery of a Schedule II controlled substance and received a suspended sentence of twelve years on supervised probation in 2011. In 2013, Defendant pleaded guilty to facilitation of delivery of a Schedule II controlled substance and received a suspended sentence of 10 years on supervised probation, to be served consecutively to his 12-year sentence. On January 29, 2021, after only hearing from Defendant's probation officer regarding new charges in Shelby County, the trial court revoked Defendant's probation in both cases and ordered he serve the balance of his sentences. Defendant appeals, contending that the trial court erroneously admitted hearsay evidence without determining that it was reliable or that there was good cause to admit the evidence. After our review, we reverse and remand the judgments of the trial court because the State only produced unreliable hearsay evidence and thus failed to establish by a preponderance of the evidence that Defendant had violated the law. On remand, the trial court should hold another hearing to determine if Defendant violated his probation.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court Reversed and Remanded

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and NORMA MCGEE OGLE, J., joined.

Kari I. Weber, Somerville, Tennessee, for the appellant, Sherman Lee Harris.

---

[1] This matter was consolidated with docket number W2021-00230-CCA-R3-CD by this Court's ordered filed February 2, 2022.

Herbert H. Slatery III, Attorney General and Reporter; Richard Davison Douglas, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Raven Icaza, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Procedural History*

In July of 2010, Defendant was indicted for one count of delivery of more than .5 grams of cocaine, a Schedule II controlled substance. On July 28, 2011, Defendant pleaded guilty to the charged offense and was sentenced to 12 years as a Range II multiple offender. In March of 2013, Defendant was again indicted for delivery of more than .5 grams of cocaine, a Schedule II controlled substance. On July 16, 2013, he pleaded guilty to facilitation of delivery of more than .5 grams of cocaine and was sentenced as a Range II multiple offender to 10 years, suspended on probation. This sentence was to be served consecutively to the previously imposed 12-year sentence.

On November 12, 2020, the trial court issued probation violation warrants in both cases, alleging that Defendant had violated his probation by being arrested and charged with the offense of domestic assault on September 6, 2020; by failing to pay court costs, fines, and probation fees; by being arrested and charged with coercion of a witness and violating his bond conditions on October 5, 2020; and by being arrested and charged with aggravated stalking, violating of an order of protection, and violating his bond conditions on November 10, 2020. Following a hearing on January 29, 2021, the court found that Defendant had violated the terms of his probation and entered an order revoking Defendant's probation.

### *Revocation Hearing*

At the probation revocation hearing, David Ayers, a probation and parole officer with the Tennessee Department of Correction, testified that he supervised Defendant on probation for his conviction of delivery of .5 grams or more of cocaine and his subsequent conviction of facilitation of delivery of more than .5 grams of cocaine. Mr. Ayers testified that on September 1, 2020, "Memphis Police responded to a simple domestic call. . . ." Defense counsel objected to "any testimony about any fact pattern of alleged charges" on the grounds that such testimony was hearsay. Defense counsel asserted that the State was required to call an officer or the victim in order "to present any proof along those lines." The prosecutor responded that it was reliable hearsay. She further stated that the State was relying on a copy of an affidavit of complaint filed in Shelby County regarding an incident

that occurred on September 1, 2020, that Mr. Ayers had attached to the probation violation report.[2] The trial court ruled that the affidavit of complaint was reliable hearsay.

Mr. Ayers testified that Defendant was charged with domestic assault in Shelby County on September 6, 2020. Defendant was also charged in Shelby County with coercion of a witness and violating the conditions of his bond on October 5, 2020. Defendant was again arrested on November 10, 2020, for two counts of aggravated stalking in violation of an order of protection and violating his bond conditions again. Mr. Ayers testified, "So he's got an ongoing situation with this domestic violence victim." He testified that all three cases were pending.

Mr. Ayers testified that Defendant had a "long history" of probation violations. He testified that the basis for the violation in this case was Defendant's new arrests. He testified, "[Defendant] got the original domestic violence charge but then he keeps escalating with the victim because she won't drop the case." Mr. Ayers agreed that Defendant had "been available to report" and had not violated any other terms of his probation.

Defendant did not testify or present any proof at the hearing. Defense counsel argued that the State had failed to prove that Defendant violated the terms of his probation because it "presented no proof through anyone involved with those cases in Memphis, either a police officer or the alleged victim, to present any type of showing regarding those offenses." The State contended that the testimony of the probation officer, who relied on the information from the affidavit of complaint, was sufficient to justify the revocation of Defendant's probation.

At the conclusion of the hearing, the trial court found that Defendant violated the terms of his probation and revoked probation. The trial court stated, "The Court does find that [Defendant] does have a new violation of law to his violation of his supervision. This warrant – affidavit attached is the basis for this reliable information for the Court to rely upon. Therefore, his suspended sentence is revoked." In this timely appeal, Defendant challenges the trial court's order that he serve the balance of his sentences in confinement.

*Analysis*

On appeal, Defendant asserts that the trial court abused its discretion by revoking his probation and ordering him to serve the remainder of his sentences in confinement.

---

[2] The probation violation reports, probation violation warrants, arrest warrants, and affidavits of complaint were not admitted into evidence at the revocation hearing. They are contained in the record on appeal with the exception of the affidavit of complaint from Defendant's arrest for domestic assault, which is noticeably absent from the record.

Defendant argues that the trial court erred by allowing Mr. Ayers to testify "to the facts alleged in the Shelby County charges" without making a determination as to the reliability of the information contained in the affidavit of complaint. Defendant further argues that there was insufficient evidence presented to support the trial court's finding that Defendant violated the terms of his probation. The State asserts that the trial court properly revoked Defendant's probation.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. *See* T.C.A. §§ 40-35-310, -311(e); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. *See Shaffer*, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id*.

"While we recognize that a new arrest and pending charges are proper grounds on which a trial court can revoke a defendant's probation, a trial court may not rely on the mere fact of an arrest or an indictment to revoke a defendant's probation." *State v. John Edward Winn, Jr.*, No. M2009-00094-CCA-R3-CD, 2010 WL 2516855, at *2 (Tenn. Crim. App. June 22, 2010), *no perm. app. filed* (citing *Harkins*, 811 S.W.2d at 83 n.3 (Tenn. 1991)). Instead, "the State must show by a preponderance of the evidence that the defendant violated the law." *Id*. at *3 (citation omitted).

"Reliable hearsay" is admissible in a probation revocation hearing so long as the opposing party has a fair opportunity to rebut the evidence. T.C.A. § 40-35-209(b). Moreover, our supreme court has determined that hearsay evidence is admissible at a probation revocation hearing, thus depriving the probationer of the right to cross-examination, when minimum confrontation requirements of *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973), are met. *See State v. Wade*, 863 S.W.2d 406, 409 (Tenn. 1993). Those include (1) a specific finding by the trial court of "good cause" that would justify the denial of the defendant's right to confront and cross-examine an adverse witness; and (2) a showing that the information contained in the report or testimony is reliable. *See id*.

Defendant argues that the trial court erroneously admitted hearsay evidence without determining that it was reliable and that there was good cause to admit the evidence. At

the revocation hearing, the trial court explicitly found that the "copy of the affidavit of complaint filed in Shelby County on an alleged incident on or about 09/01/2020" was reliable hearsay.

The record before us contains two probation violation reports, both prepared by Mr. Ayers, the first dated October 1, 2020 and the second dated November 17, 2020. The prosecutor explained at the revocation hearing that the "one later in November" was not filed as an amended report "but should be taken as an amended violation." The report dated October 1, 2020 contains no attachments, but the narrative states that on September 1, 2020, Officer D. Adams responded to a domestic assault. It states that the victim "advised [the] officer that [Defendant] had choke[d] her." It further states,

> The victim advised [the] officer that they were sitting on her bed and [Defendant] asked for her to cash app him $25. She advised that she had sent him the money via cash app. However [Defendant] declined the offer via cash app.

> She advised that [Defendant] became irate. The victim tried to explain to him that he declined the offer but he became even more angry. She advised he grabbed her by her neck then started choking her. The victim advised [the] officer that she [was] in fear of her life.

> The victim advised that [Defendant] continues to call and harass her for the money.

Attached to the second report dated November 17, 2020 are two affidavits of complaint related to Defendant's subsequent arrests for coercion of a witness, violating his bond conditions, and aggravated stalking. Both affidavits state that on September 6, 2020, Defendant was arrested for domestic assault. Significantly, the record does not contain an affidavit of complaint from Defendant's arrest for domestic assault, the source of Mr. Ayers' narrative of the violation in the probation violation report.

The State argues that the trial court implicitly found that good cause existed to admit the hearsay testimony of Mr. Ayers. In its brief, the State cites *State v. Roy Cherry*, No. W2015-01084-CCA-R3-CD, 2016 WL 520304 (Tenn. Crim. App. Nov. 3, 2015), *perm. app. denied* (Tenn. Feb. 8, 2016), in which a panel of this Court determined that the trial court implicitly found that the hearsay presented was reliable and good cause justified its admission as substantive evidence. In that case, the trial court revoked the defendant's grant of judicial diversion based on the defendant's arrests for aggravated assault and domestic assault. *Id*. at *2. At the revocation hearing, the prosecutor informed the trial court that the victim of the aggravated assault had been subpoenaed and had been in court

earlier that day but had since left. *Id*. The trial court heard testimony from the officer who responded to a domestic assault call. The officer testified that the defendant's girlfriend told him that the defendant had choked her, and the officer observed marks on the victim's neck. *Id*. The officer also spoke to the defendant at the scene, and the defendant denied choking the victim, but admitted ripping the victim's jacket off. *Id*. The trial court revoked the defendant's diversion, finding by a preponderance of the evidence that the defendant had violated the terms and conditions of diversion. *Id*. A panel of this Court held that, "although the trial court did not make a specific finding of 'good cause' for the admission of the officers' hearsay testimony, such a finding was implicit in the trial court's words and actions." *Id*. at *3.

In the case sub judice, the State did not offer any explanation at the revocation hearing as to why the victim and/or the responding officer were not present as witnesses. The State did not inform the trial court that it had issued a subpoena for either individual, and the record does not contain any subpoenas. On appeal, the State asserts that the information was reliable because "the evidence of the domestic assault came from the officer who responded to the victim's 911 call." We disagree. The source of the information contained in Mr. Ayers' probation violation report was presumably the affidavit of complaint from Defendant's September 6, 2020 arrest, which was not admitted as an exhibit to the hearing and is not contained in the record before us. The State failed to make a showing that the information contained in Mr. Ayers' report was reliable, and the trial court failed to make any finding of good cause to justify the denial of Defendant's confrontation rights. Clearly, the statements by the victim to the responding officer were hearsay. *See* Tenn. R. Evid. 801(c). After a careful review of the record, we are unable to conclude that the trial court "implicitly" found good cause or that the record supports the trial court's determination that the hearsay was reliable. We therefore conclude that it was error for the trial court to consider the evidence over Defendant's objection.

Defendant complains that the State failed to present sufficient evidence of a violation of his probation. As stated above, the State failed to offer any proof of the domestic assault or subsequent charges involving the same victim through testimony from the victim or the responding police officer. The only testimony offered at the hearing was that of Defendant's probation officer, who had no personal knowledge of any of the allegations made in the violation warrant. In fact, Mr. Ayers did not even testify as to the allegations, but only the fact of new arrests. The affidavit of complaint in support of Defendant's domestic assault arrest was not attached to the probation violation report and is not in the record before us. The affidavits of complaint related to Defendant's subsequent arrests for coercion of a witness and aggravated stalking were attached to the report, but neither the report, nor the affidavits were admitted as evidence at the revocation hearing. *See State v. James R. Butler*, No. M2008-01842-CCA-R3-CD, 2009 WL 3400677 (Tenn. Crim. App. Oct. 20, 2009), *no perm. app. filed* (finding abuse of discretion where the record

contained no arrest warrant or supporting affidavit and the only witness to testify at the revocation hearing was the defendant's probation officer); *see also State v. Calvin Austin*, No. W2005-02592-CCA-R3-CD, 2006 WL 4555240 (Tenn. Crim. App. Aug. 9, 2006), *no perm. app. filed* (determining trial court abused its discretion where the only testimony was from the probation officer and the record did not contain the new arrest warrant or indictment on which the violation was based). The State failed to establish by a preponderance of the evidence that Defendant violated the law. The record before us does not support revocation of Defendant's probation.

CONCLUSION

Based on the foregoing and the record as a whole, we reverse the judgments of the trial court and remand these cases for a probation revocation hearing consistent with this opinion.

_____
TIMOTHY L. EASTER, JUDGE